# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VICTOR GALAN,** | * | **CIVIL ACTION** |
|     **PETITIONER** | * | |
| | * | **CASE NO.   22-cv-3420** |
| **VERSUS** | * | |
| | * | |
| **TIM HOOPER, WARDEN** | * | **SECTION "A" (5)** |
|     **RESPONDENT** | * | |
| | * | |
| | * | |

## RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF

Victor Galan is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He is serving a life without parole sentence as a result of his conviction for aggravated rape, La. R.S. 14:42.

Galan has petitioned this Court for a writ of habeas corpus.

Galan's petition is timely, but his claims lack merit. Because his claims lack merit, the respondent prays that the Court dismiss the petition with prejudice and otherwise deny relief.

**<u>TABLE OF CONTENTS</u>**

PRELIMINARY MATTERS...........................................................................3

TIMELINESS.................................................................................................7

EXHAUSTION & PROCEDURAL DEFAULT.............................................7

MERITS REVIEW........................................................................................7

      1.     The discovery law violation and related claim of
             ineffective assistance of counsel (Claim 1)................................8

      2.     The claim about the admission of testimony from witnesses
             Earneisha Lott and Ann Troy (Claim 2)..................................13

      3.     The claim about counsel's failure to retain an expert (Claim 3)...........15

      4.     The claim about the sufficiency of the evidence (Claim 4)....................17

      5.     The claim about the jury trial waiver (Claim 5)....................................19

      6.     The claims about Galan's ability to understand the proceedings. .......24

            A.     Hearing impairment (Claim 6)....................................24

            B.     Spanish-English interpretation (Claim 7)...................26

CONCLUSION AND PRAYER....................................................................29

CERTIFICATE OF SERVICE....................................................................29

PRELIMINARY MATTERS

**1.     Custody.**

The respondent does not dispute that the petitioner is in custody.

**2.     The state court record.**

The respondent has filed, along with this *Response*, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3.     The facts of the case.**

The Court of Appeal of Louisiana, First Circuit, briefly summarized the facts of the offense as follows:

> The victim, E.B.R.M., is the biological daughter of the defendant, and in 2014 lived with the defendant, her mother (who was married to the defendant), and her two younger sisters (also children of the defendant and the victim's mother). At trial, E.B.R.M. testified that following her eleventh birthday, the defendant began touching her breasts and buttocks, then began masturbating on her and sodomizing her, sometimes while she was in bed with her sisters. The abuse continued over a six-month period and stopped when E.B.R.M.'s sisters told their mother what was happening, E.B.R.M. confirmed their accounts, and E.B.R.M.'s mother reported the abuse to the police.

*State v. Galan*, 18-1481 (La. App. 1 Cir. 5/14/19), 277 So.3d 365, 367-368.

Additional facts will be presented in connection with the discussion of the petitioner's particular claims.

### 4.   The petitioner's claims.

Galan summarizes his claims as follows:

1.   TRIAL COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO RE-URGE MOTION FOR MISTRIAL WHEN TRIAL RESUMED AFTER 2-DAY STAY TO REVIEW LATE DISCLOSURE OF DISCOVERY DOCUMENTS BY THE STATE.

2.   TRIAL COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO INADMISSIBLE HEARSAY AND CSAAS  TESTIMONY  BY  EARNEISHA  LOTT AND NURSE ANN TROY AT TRIAL.

3.   TRIAL COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO SECURE  EXPERT  TESTIMONY  TO  AID  DEFENSE  AT  TRIAL,  AND  CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.

4.   TRIAL COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT AND REQUIRE THE TRIAL COURT TO CONSIDER ISSUE OF IMPEACHED TESTIMONY, STANDING ALONE, BEING UNCONSTITUTIONALLY USED TO OBTAIN CONVICTION.

5.   TRIAL COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR    FAILING TO CONSULT PETITIONER ON HIS RIGHT TO A JURY TRIAL AND FORCED PETITIONER TO GO TO TRIAL WITH A JUDGE INSTEAD OF A JURY.

6.   PETITIONER'S  TRIAL  COUNSEL  WAS  MADE  AWARE  THAT  PETITIONER  HAD HEARING PROBLEMS AND USED A HEARING AID, AND COUNSEL FAILED TO MAKE ACCOMMODATIONS AT TRIAL.

7.   TRIAL COUNSEL FAILED TO ASK FOR A REPLACEMENT TRANSLATOR, EVEN THOUGH COUNSEL SPOKE SPANISH AND COULD NOT UNDERSTAND THE TRANSLATOR AT TRIAL.

Rec. Doc. 3-1, pg. 12.

5.      **Proceedings in the state courts.**

      A.      **Proceedings leading to conviction and sentence.**

The district attorney, on June 25, 2015, charged petitioner Victor Galan with one count aggravated crime against nature.[1] Galan was subsequently indicted by the St. Tammany Parish Grand Jury for the offense of aggravated rape.[2]

Galan waived his right to trial by jury on February 26, 2018,[3] and a three-day judge trial was held on April 2, 3, and 5 of 2018.[4] Galan waived sentencing delays and the court imposed a life without parole sentence on April 5, 2018.[5]

      B.      **Direct review proceedings.**

Galan's conviction and sentence was affirmed on direct review, as follows:

| | | |
|---|---|---|
| May 14, 2019 | The Louisiana First Circuit Court of Appeal affirms petitioner's convictions and sentences. *State v. Galan*, 18-1481 (La. App. 1 Cir. 5/14/19), 277 So.3d 365. | <u>SCR, Vol. 4</u>, Tab 1. |
| June 5, 2019 | Galan timely seeks further review from the Louisiana Supreme Court. | <u>SCR, Vol. 4</u>, Tab 2. |
| January 22, 2020 | The Louisiana Supreme Court denies writs. *State v. Galan*, 19-1027 (La. 1/22/20), 291 So.3d 1042. | <u>SCR, Vol. 4</u>, Tab 3. |

Galan did not seek further review from the United States Supreme Court.

---

1   SCR, Vol. 1, pg. 40 (bill of information).

2   SCR, Vol. 1, pg. 85 (indictment). This was based upon a disclosure the victim made during counseling. See also SCR, Vol. 5, Tab 2, pg. 5 (noting that "Ms. Lott was the person to whom the victim first disclosed the actions which resulted in the superseding indictment").

3   SCR, Vol. 1, pg. 26 (minute entry); *id.*, pp. 138-

4   SCR, Vol. 1, pp. 27-34 (minute entries).

5   SCR, Vol. 1, pp. 33-34 (minute entry).

### C. Collateral review proceedings.

Galan timely applied for post-conviction relief, which was denied:

| April 5, 2021 | Galan submits his application for post-conviction relief. | <u>SCR, Vol. 5</u>, Tab 1. |
|---|---|---|
| Dec. 10, 2021. | The district court denies the application for post-conviction relief summarily and with ten pages of written reasons. | <u>SCR, Vol. 5</u>, Tab 2. |
| January 4, 2022. | The petitioner timely seeks supervisory review from the Louisiana First Circuit Court of Appeal. | <u>SCR, Vol. 6</u>. |
| March 14, 2022. | The First Circuit Court of Appeal denies the writ application without assigning reasons. *State v. Galan*, 22-0021 (La. App. 1 Cir. 3/14/22), 2022 WL 766784. | <u>SCR, Vol. 6</u>. |
| March 29, 2022 | The petitioner timely seeks further review from the Louisiana Supreme Court. | <u>SCR, Vol. 7</u>. |
| Sept. 7, 2022. | The Louisiana Supreme Court denies writs, finding:<br><br>Applicant fails to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). As to his remaining claims, applicant fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2.<br><br>*State v. Galan*, 22-0544 (La. 9/07/22), 345 So.3d 417. | <u>SCR, Vol. 7</u>. |

TIMELINESS

The petitioner's application is timely for the reasons explained in his "Statement of Timeliness." Rec. Doc. 3-1, pg. 10.[6]

EXHAUSTION & PROCEDURAL DEFAULT

The petitioner's claims are exhausted and not in procedural default.

MERITS REVIEW

Galan's claims were adjudicated on the merits. Specifically, the Louisiana Supreme Court held that Galan failed to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington* and otherwise failed to satisfy his post-conviction burden of proof. SCR, Vol. 7.

Because Galan's claims were adjudicated on the merits, his habeas corpus petition "shall not be granted …  unless the adjudication of the claim—

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

The Court is familiar with AEDPA's standards governing merits review. The respondent therefore need not and does not expound upon those standards.

---

6  The petitioner asserts that his application for post-conviction relief was filed April 4, 2021. Rec. Doc. 3-1, pg. 10. This is not correct; the state court record reflects that the affidavit accompanying the application for post-conviction relief is dated April 5, 2021. SCR, Vol. 5, Tab 1. This minor factual error ultimately has no bearing on the timeliness of the application.

1.    **The state discovery law violation and related claim of ineffective assistance of counsel (Claim 1).**

A.    **The details of the petitioner's claim.**

Galan's first claim concerns "the State's failure to disclose evidence until after the State's witnesses had testified." Rec .Doc. 3-1, pg. 14. He argues that the motion for mistrial "should have been granted" and trial counsel rendered ineffective assistance when he "failed to take writs to the appellate court." *Id.*

B.    **Additional context.**

*i.*

During the first day of the trial—Monday, April 2, 2018—the prosecution came into possession of medical records that had not previously been provided to the district attorney's office. The records pertained to the victim's sister Fernanda (who testified on the first day of trial) and the victim's sister Karla (who did not testify at the trial at all). SCR, Vol. 2, pg. 309, lines 14-18.[7] *See also* SCR, Vol. 2, pp. 331-333 (proffer of late-disclosed records into evidence); SCR, Vol. 1, pg. 108 (clerk of court evidence receipt, with detailed descriptions of the proffered records).

The prosecutor emailed the records to defense counsel, and defense counsel received it "after hours … after court had adjourned." SCR, Vol. 2, pg. 303, lines 27-31.

The next day—Tuesday, April 3, 2018—defense counsel moved for a mistrial based upon the late disclosure of the records, which he characterized as "impeachment information that I would have used against two of the witnesses."

---

7   This was a child abuse case where (1) the abuser had a parent-child relationship with the victim, and (2) other children lived in the same home. In this circumstance, it is customary for all other children in the home to undergo a medical evaluation to determine whether they have been abused. Here, the medical evaluations indicated that none of the other children experienced abuse.

SCR, Vol. 2, pg. 300, lines 15-19.

The trial court denied the motion for mistrial, reasoning that any prejudice to the defendant could be cured by an opportunity to review the new materials and to conduct further cross-examination of the witnesses. *Id.*, pg. 305, lines 7-23.

The trial court then recessed the trial until 1:00pm on Thursday, April 5, 2018. *Id.*, pg. 323, lines 25-29. The trial court advised defense counsel that he could re-urge his motion for mistrial "if you have more specific grounds" for declaring a mistrial. *Id.*, pg. 316, lines 18-31. *See also id.*, pg. 326, lines 13-21 (statement by the court, "Let's just wait until 1:00 [on] Thursday… either it's going to get completely derailed or we can continue on.").

The proceedings resumed on Thursday, April 5, 2018, without defense counsel requesting additional time to prepare and without defense counsel renewing his motion for mistrial. *See* SCR, Vol. 2, pp. 330-333.

### *ii.*

On direct appeal, Galan argued that "the trial court erred in denying his motion for mistrial based on the state's late disclosure of various documents." *State v. Galan*, 18-1481 (La. App. 1 Cir. 5/14/19), 277 So.3d 365, 369. The First Circuit Court of Appeal addressed this assignment of error as follows:

> According to the arguments presented to the trial court, the state provided the documents to the defense after completion of the first day of trial, claiming to have just received them. The motion for mistrial was made the following day. The defense argued it was prejudiced because it was unable to cross examine the state's witnesses, specifically F.G., who by that time had been released, to show inconsistencies in their testimony.[8] The

8    The prosecutor stated that "[t]hese witnesses are all still available" (SCR, Vol. 2, pg. 279, lines 5-8)

defense also argued its trial strategy would have changed had it received the documents earlier, claiming it would have been more adamant in seeking funding for experts. The state contended it provided open file discovery and turned over the documents as soon as they were received, noting the documents did not relate to the victim and contained no *Brady* information. After extensive discussion with counsel for the parties, the trial court denied the motion for mistrial, but recessed the trial so the defense could review the documents. The trial continued two days later. On appeal, the defendant argues his conviction should be reversed because, after receipt of the "surprise discovery material," his counsel did not have time to prepare a defense or strategy.

Louisiana Code of Criminal Procedure article 729.5 prescribes sanctions for failure to honor a discovery right, leaving it to the trial court's discretion whether a continuance, mistrial, or other order short of dismissal is warranted. Although a mistrial is among the available sanctions, it is a drastic remedy. Except where it is mandatory, a mistrial is warranted only when a trial court error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial.

We find the trial court did not abuse its discretion in denying the motion for mistrial. The trial court allowed defense counsel time to review the evidence, indicating it would recess the trial for months if necessary.[9] [Footnote: The trial court additionally stated that when the trial resumed the defendant could re-urge the motion for mistrial and attempt to articulate the prejudice suffered by the late disclosure; however, the defendant did not re-urge the motion when the trial resumed.] Thereafter, the defendant had the opportunity to recall the state's witnesses and impeach their testimony with the new evidence. Considering this, the defendant was not deprived of the opportunity to attempt to use the evidence. The defendant has not shown he was prejudiced by the trial court's election to handle the tardy disclosure of the evidence by an alternative other than granting a mistrial.

*State v. Galan*, 18-1481 (La. App. 1 Cir.  5/14/19), 277 So.3d 365, 369-370 (citations to state law jurisprudence omitted).

---

and offer to re-call the witnesses before resting the state's case in chief (*id.*, pg. 287, lines 19-25).

9   SCR, Vol. 2, pg. 290, lines 15-20; *id.*, pg. 296, lines 18-24.

### C.      The state courts' adjudication of the petitioner's claim.

The Louisiana Supreme Court, in denying relief, found that Galan "fail[ed] to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984)."  SCR, Vol. 7.

The state district court gave specific reasons for finding that Galan failed to show that he received ineffective assistance of counsel: he "fails to show that there were specific grounds for prejudice which his trial counsel should have re-urged when trial resumed." SCR, Vol. 5, Tab 2, pp. 2-3.

### D.      Galan is not entitled to *habeas* relief on this claim.

Because the state courts rejected Galan's ineffective assistance of counsel claims on the merits and because such claims present a mixed question of law and fact, the Court must defer to the state-court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

When as here the last state court decides a prisoner's federal claim on the merits in a reasoned opinion, the federal habeas court "simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Here, the last state court reasoned that the petitioner failed to show that he received ineffective assistance of counsel. This is reasonable insofar as "Galan fails to show that there were specific grounds for prejudice which his trial counsel should have re-urged when trial resumed." SCR, Vol. 5, Tab 2, pg. 3.

>    2.    **The claim about the testimony of witnesses Earneisha Lott and
>           Ann Troy (Claim 2).**
>
>          A.    **The details of the petitioner's claim.**

Galan's second claim reads verbatim as follows:

>    2.    TRIAL COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO
>    OBJECT TO INADMISSIBLE HEARSAY AND CSAAS TESTIMONY BY EARNEISHA LOTT
>    AND NURSE ANN TROY AT TRIAL.
>
>          While statements for purposes of medical treatment and medical diagnosis in connection with
>    treatment are exceptions to the hearsay rule, La. Code Evid. Art. 803(4), when not working under the
>    direction of a physician, such statements are not an exception to the hearsay rule. No physician testified
>    at trial. There is no indication that either Earneisha Lott, or Nurse Ann Troy was working under the
>    direction of a physician in this case, and their testimony as to what the alleged victim said, was
>    inadmissible hearsay not objected to by Petitioner's trial counsel. It was also improper use of "delayed
>    disclosure" in order to bolster the credibility of the alleged victim.

Rec. Doc. 3-1, pg. 15.

>          B.    **Additional context.**

The testimony of Earneisha Lott is located at: SCR, Vol. 2, pp. 237-246.

The testimony of Ann Troy is located at: SCR, Vol. 2, pp. 334-353.

>          C.    **The state courts' adjudication of the petitioner's claim.**

The Louisiana Supreme Court, in denying relief, found that Galan "fail[ed] to
show that he received ineffective assistance of counsel under the standard of
*Strickland v. Washington*, 466 U.S. 668 (1984)." SCR, Vol. 7.

The state district court gave specific reasons for finding that Galan failed to
show that he received ineffective assistance of counsel. It discussed the testimony of
the witnesses and concluded that the testimony was properly admitted into

evidence:

> Even if inadmissible hearsay was improperly introduced into
> evidence and defense counsel was deficient in failing to object,
> **which arguments are specifically rejected by the Court**, the
> petitioner would be unable to satisfy the second prejudice prong of
> the *Strickland* analysis. "When hearsay testimony is improperly
> introduced into evidence, it will be considered harmless error if it
> is found to be cumulative and corroborative of other properly
> admitted evidence and did not contribute to the verdict." State v.
> Hilton, 1999-1239, p. 11-12 (La. App. 1 Cir. 3/31/00), 764 So.2d
> 1027, 1035. "In order to establish that error was harmless in this
> case, the state must prove that the admission of improper hearsay
> did not contribute to defendant's conviction." Id.
>
> The record indicates that, not only did the state present the
> videotaped statement of the victim, but the victim testified in
> person in open court, subject to cross-examination by defense
> counsel. This direct evidence was sufficient in its own right, if
> believed by the finder of fact, to support the conviction.
> However, the state additionally presented the testimony of one
> of the victim's siblings, who gave an eyewitness account of the
> sexual abuse perpetrated by the petitioner on the victim. The
> Court finds the testimonies of Ms. Lott and Nurse Troy were not
> hearsay, and were additionally cumulative and corroborative of
> the properly admitted direct evidence.
>
> Galan fails to show either that trial counsel's performance was
> deficient or that he was prejudiced by counsel's actions.

SCR, Vol. 5, Tab 2, pp. 2-3 (emphasis supplied).

### D.   Galan is not entitled to *habeas* relief on this claim.

Here, the last state court reasoned that the petitioner failed to show that he

received ineffective assistance of counsel. This was reasonable: none of the witness

testimony was legitimately objectionable, and even if it was objectionable, its

admission was harmless.

3.    **The claim about counsel's failure to secure an expert witness (Claim 3).**

A.    **The details of the petitioner's claim.**

Galan's third claim reads in pertinent part as follows:

> Trial counsel filed a motion for funds to hire an expert for the defense, and the trial judge denied the motion. However, trial counsel failed to pursue the issue to the higher courts by making a writ application to the appellate court. Trial counsel's failure to ensure the defense had an expert to rebut the State's expert resulted in prejudice to the Petitioner at trial.
>
> This prejudice is shown by the fact that the State introduced belated exculpatory evidence, and the fact that the defense had no expert to rebut the State's evidence. Further, the fact that trial counsel stated to the court that if he would have known of this evidence he would have been more adamant about securing an expert for the defense, and then still failed at this point to properly motion the court for funds for an expert, and take writs to the appellate court if necessary, shows ineffective assistance of counsel.
>
> Petitioner contends that his trial counsel, Ramiro Orozco, was ineffective assistance of counsel at trial for failing to secure expert testimony to aid the defense. An expert would have given trial counsel the opportunity to fully develop and address all issues raised at trial concerning: 1) expert opinion on the issue of lack of injury or physical evidence; 2) expert opinion on belated discovery evidence; 3) inadmissible expert opinion on psychological evidence given at trial; and 4) expert opinion on other reasonable hypotheses of the incident.

Rec. Doc. 3-1, pg. 19.

B.    **Additional context.**

No additional context facts are necessary.

C.    **The state courts' adjudication of the petitioner's claim.**

The Louisiana Supreme Court, in denying relief, found that Galan "fail[ed] to show that he received ineffective assistance of counsel under the standard of

*Strickland v. Washington*, 466 U.S. 668 (1984)." SCR, Vol. 7. The state district court reasoned more specifically that "Galan does not state with reasonable particularity what information a defense expert would have testified about and how it would have altered the outcome of the trial." SCR, Vol. 5, Tab 2, pg. 6.

### D.    Galan is not entitled to *habeas* relief on this claim.

Here, the last state court reasoned that the petitioner failed to show that he received ineffective assistance of counsel. This was reasonable in light of the applicable jurisprudence:

> [W]e require petitioners making claims of ineffective assistance based on counsel's failure to call a witness to demonstrate prejudice by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense. This requirement applies to both uncalled lay and expert witnesses.

*Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (cleaned up).

Galan not only failed to set out the content of the proposed witness testimony, he failed to identify an expert who was available to testify and would have done so.

4.    **The claim about the sufficiency of the evidence (Claim 4).**

A.    **The details of the petitioner's claim.**

Galan claims that "impeached testimony, standing alone, is insufficient to uphold a conviction." Rec. Doc. 3-1, pg. 20. He claims that his conviction is based upon the impeached testimony of the victim, standing alone, therefore his conviction rests upon insufficient evidence. He claims that counsel performed deficiently because he "failed to raise the issue that impeached testimony, standing alone, is insufficient to uphold a conviction." *Id.*

B.    **Additional context.**

Galan's trial counsel did not challenge the sufficiency of the evidence. However, his appellate counsel did.[10] *See State v. Galan*, 18-1481 (La. App. 1 Cir. 5/14/19), 277 So.3d 365, 368 ("The defendant contends his conviction should be reversed because it is based on insufficient evidence."). The First Circuit Court of Appeal held that "[t]he evidence supports the trial court's verdict that the defendant was guilty of aggravated rape." *Id.* at 369. Galan raised this argument to the Louisiana Supreme Court on writs, and the Louisiana Supreme Court denied writs. *State v. Galan*, 19-1027 (La. 1/22/20), 291 So.3d 1042.

C.    **The state courts' adjudication of the petitioner's claim.**

The Louisiana Supreme Court, in denying relief, found that Galan "fail[ed] to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984)."  SCR, Vol. 7.

---

10 Louisiana appellate courts will review sufficiency of the evidence challenges even if not first raised in the trial court. *See*, *e.g.*, *State v. Peoples*, 383 So.2d 1006, 1007 (La. 1980).

The state district court found that the defendant's case did not fall within the scope of the rule he articulated—"the victim's testimony did not stand alone. The state also presented the eyewitness testimony of the victim's younger sister, who was present and saw the petitioner anally raping her older sister." SCR, Vol. 5, Tab 2, pg. 7.

### D.    Galan is not entitled to *habeas* relief on this claim.

Here, the last state court reasoned that the petitioner failed to show that he received ineffective assistance of counsel.

This was reasonable: the legal argument that Galan says his counsel failed to make is legally incorrect. Impeached testimony, standing alone, *is* sufficient for conviction. *See, e.g.*, *Gordon v. Cain*, 600 Fed. Appx. 290 (5th Cir. 2010) (single eyewitness murder case; the witness identified the defendant as perpetrator prior to trial, but later recanted her identification of the defendant; the trier of fact disbelieved the recantation; "The finding of identification of the defendant was supported by the evidence. His guilt of the crime beyond a reasonable doubt could be, and was, found by a rational trier of the facts."). The question is whether a rational trier of fact could accept the testimony as credible, *Jackson v. Virginia*, 443 U.S. 307 (1979), and on habeas review a court "will declare testimony incredible as a matter of law only when it 'is so unbelievable on its face that it defies physical laws.' " *Guerra v. Johnson*, 90 F.3d 1075, 1079 (5th Cir. 1996) (citation omitted).

Here, the sufficiency of the evidence was in fact addressed on direct appeal, and the court of appeal's reasoning is self-evidently correct:

> EBRM testified that the defendant raped her multiple times when she was eleven years old. Her testimony detailed the act,

> explicitly describing sexual penetration. EBRM's sister, FG,
> testified that on one occasion she awoke in the same bed as
> E.B.R.M., lifted the covers, and saw the defendant raping
> E.B.R.M. She too explicitly described sexual penetration....
>
> The trial judge specifically found the testimony of E.B.R.M. and
> F.G. credible....
>
> Viewing the evidence in the light most favorable to the state, any
> rational trier of fact could have found beyond a reasonable doubt
> and to the exclusion of every reasonable hypothesis of innocence,
> that all elements of aggravated rape were proven.

*State v. Galan*, 18-1481 (La. App. 1 Cir. 5/14/19), 277 So.3d 365, 368-369.

At bottom, the petitioner's claim appears to be that he was prejudiced because his *trial* counsel did not challenge the sufficiency of the evidence even though his appellate counsel did challenge the sufficiency of the evidence. This claim lacks merit because it is not reasonably probable that the sufficiency of the evidence would have been evaluated differently had the issue been first raised by trial counsel rather than appellate counsel.

5.    **The claim about the waiver of the right to trial by jury  (Claim 5).**

   A.    **The details of the petitioner's claim.**

Galan alleges:

> Petitioner contends that his trial counsel took away his choice to assert his right to a jury trial,
> and told him that he had to go to a judge trial or else he would pick up his stuff and go back home to
> Mississippi, and leave the Petitioner on his own. Therefore, Petitioner was coerced into accepting a
> judge trial, and did not give a knowing and intelligent waiver of his right to a jury trial. This violated
> Petitioner's rights under the United States Constitution, Amendments 5, 6 and 14, and the Louisiana
> Constitution, Article 1, §§ 2, 13, and 17.
>
> Petitioner's trial counsel simply told Petitioner what to do and when to do it, and if Petitioner
> did not go along with this then his counsel would leave him to the wolves.

Rec. Doc. 3-1, pg. 26.

   B.    **Additional context.**

The portions of the state court record pertinent to this claim are the transcript of the proceedings held February 26, 2018 (SCR, Vol. 1, pp. 138-146) and the transcript of the proceedings held April 2, 2018 (SCR, Vol. 2, pp. 147-150).

On February 26, 2018, the defendant was advised by the court of his right to trial by jury or trial by judge, and selected trial by judge, as follows:

| | |
|---|---|
| MR. OROZCO: | Yes, Your Honor. Both parties are waiving their 45 day notice and we are moving to have a bench trial instead of a jury trial. |
| THE COURT: | And I would be of an assumption that you discussed that issue with Mr. Galan? |
| MR. OROZCO: | Yes, Your Honor. We discussed it this morning. |
| THE COURT: | Okay. Let me ask a couple of questions of Mr. Galan before I will agree to allow him to waive the jury. [An interpreter had |

previously been sworn.]

Mr. Galan, I understand that your attorney has advised the court that you wish to waive your right to trial by jury in this matter. Is that correct?

MR. GALAN:     Yes, that's correct.

THE COURT:     While your attorney of course is able to advise you as to his opinion as to whether you should go to trial by jury or before me as a judge in a bench trial, you ultimately have the constitutional right to a trial by jury and it's your decision alone whether to waive the jury. Do you understand that that is your decision alone?

MR. GALAN:     Yes, I understand.

THE COURT:     If you proceeded with a jury trial, of course ten members of the twelve person panel would have to agree in a verdict of your guilt or innocence, do you understand that?

MR. GALAN:     Yes.

THE COURT:     And if I were to hear the trial without the benefit of the jury, I alone will make that decision of your guilt or innocence.

MR. GALAN:     Yes.

THE COURT:     Do you have any questions of me or of your counsel about your right to trial by jury and your decision to waive it?

MR. GALAN:     I think it's clear. My attorney already explained it to me.

THE COURT:     Very good. I will accept the decision by Mr. Galan to waive trial by jury.

MR. OROZCO:     And Your Honor, just for the Record, we discussed this this morning with our client. We explained the option, the benefits and the cons. We spent about twenty minutes and we did answer several questions that he had being that he's not very familiar with our court system. Specifically, Your Honor, we

> explained that Louisiana, it has to be a
> 10-2 verdict to convict or acquit. And we
> explained that it is not a unanimous
> decision.
>
> And we also explained any other issues
> with respect to the trial, that we would
> not be doing jury instructions, that there
> would be no jury or anyone other
> deliberating this matter other than
> yourself.

> THE COURT:    Okay. That's noted.

SCR, Vol 1, pp.140-143.

On April 2, 2018—the first day of trial—the prosecutor asked "out of an abundance of caution" to "get the defendant to state again that he wants to proceed as a judge trial." SCR, Vol. 2, pg. 149, lines 25-32. The following colloquy ensued:

> MR. OROZCO:    Your Honor, I informed my client of his
> options to go with a bench trial or a jury
> trial. At the last hearing we had, he
> agreed to have a bench trial. At this
> point, he still wants to go forward with a
> bench trial.

> THE COURT:    Mr. Galan, is that correct? You wish to
> proceed by a bench trial, waiving you
> right to trial by jury?

> MR. GALAN:    I agree to continue.

> THE COURT:    Than you.

SCR, Vol. 2, pg. 150, lines 1-20.

## C.    The state courts' adjudication of the petitioner's claim.

The state district court addressed this claim as follows:

> Galan contends that he was provided with ineffective assistance
> of counsel when defense counsel failed to consult with him about
> his right to trial by jury. Galan claims instead that he was
> coerced into accepting a judge trial by his defense counsel. He

claims defense counsel told him he was incompetent to make
any decisions in his case because of the language barrier,
petitioner's defective hearing, and petitioner's ignorance of the
law and court procedure.

The record fails to support Galan's contentions. Galan, who
professes not to be able to read, write or speak the English
language, was represented by a Spanish speaking attorney and
was additionally provided with a Spanish interpreter for court
hearings.' The decision to waive his right to a jury trial and to
proceed with a bench trial was made at a pretrial hearing held
on February 26, 2018. See R. Vol. 1, p. 138-145. On that date,
defense counsel stated that he had thoroughly discussed the
decision to waive the jury with the petitioner. Galan personally
participated in a colloquy with the Court, through his
interpreter, to ensure that he fully understood the right to jury
trial that he was waiving and how the trial would be conducted
by the judge alone.

Before trial began on April 2, 2018, the state asked the
petitioner to confirm that he wanted to proceed as a judge trial.
Defense counsel offered that proffer, but the Court personally
addressed Galan, asking if he wished to proceed by bench trial
and to waive his right to trial by jury. Galan
responded that he "agree[d] to continue." R. Vol. 2, p. 149-150.

The Court finds that the record does not support Galan's
assertions in this regard.

SCR, Vol. 2, Tab 2, pp. 7-8.

The Louisiana Supreme Court found that Galan failed to satisfy his burden of

proof with respect to this claim. *State v. Galan*, 22-0544 (La. 9/07/22), 345 So.3d 417.

### D.    Galan is not entitled to *habeas* relief on this claim.

Here, the essence of Galan's claim is that his waiver of his right to trial by

jury was not knowingly and voluntarily made. The state courts found that he failed

to meet his burden of proof with respect to this claim because the state court record

shows that (1) counsel informed the state district court that Mr. Galan wished to

waive his right to trial by jury, and (2) the state district court judge confirmed this with Mr. Galan after addressing him personally.

There has been no unreasonable application of clearly established federal law, and the decision is based upon a reasonable determination of facts in light of the evidence presented in the state court proceeding. Accordingly, Galan is not entitled to relief. *See* 28 U.S.C. § 2254(d); *cf. Pierre v. Leger*, 495 Fed. Appx. 403 (5th Cir. 2012) (case where COA granted "on the issue of whether the record shows that [the petitioner] knowingly and intelligently waived her right to a jury trial").

6.     **The claims about Galan's ability to understand the proceedings.**

A.     **Hearing impairment (Claim 6).**

*i.*

Galan claims that his attorney was aware of his "hearing problem and use of a hearing aid" but "fail[ed] to ask the court for accommodations." He claims that, "[h]ad counsel asked for such accommodations for his hearing-impaired client, the court would have done so in accordance with the Americans with Disabilities Act." Rec. Doc. 3-1, pg. 23.

*ii.*

The state district court addressed this claim as follows:

> Galan has hearing problems and wears a hearing aid. He claims his counsel failed to ask the Court for accommodations and that this failure was ineffective assistance of counsel. The Court rejects this argument as factually inaccurate. The Court was made aware of Galan's hearing difficulties through defense counsel. To help Galan understand the proceedings, the trial judge presented Galan with the judge's own set of noise canceling headphones for him to wear in court during hearings to help him concentrate on his interpreter's speaking only. The record reflects this in the transcript of the hearing held on February 26, 2018, when the headset was not needed because there was no one else in the courtroom. R. Vol. 1, p. 139.[11] The record also reflects that defense counsel asked the victim's sister on cross-examination to speak louder, reminding her that her father was deaf in one ear and that the defendant was using a translator. R. Vol. 2, p. 209.[12] . . .

---

11 The referenced portion of the record (SCR, Vol. 1, pg. 139, lines 18-25) reflects that the interpreter asked, after being sworn but before the case was called, "I'm sorry, Your Honor. I believe there was a headset for Mr. Galan?" Defense counsel interjected, "We don't need it today because there is no one present."

12 The referenced portion of the record (SCR, Vol. 2, pg. 209, lines 21-25) At the beginning of cross-examination, defense counsel stated: "I'm going to need to you speak really loud. You know your dad doesn't hear in one ear. And we are using a translator. So they need to be able to hear what you say, so that he can hear what you are saying. Okay?"

> The Court holds that the petitioner is unable to satisfy the deficient performance prong of the *Strickland* analysis. The Court finds nothing in the record to indicate that counsel's conduct fell below the range of reasonable professional assistance. Instead, the Court finds that every effort was made to ensure that Galan fully heard and understood the court proceedings.

SCR, Vol. 5, Tab 2, pp. 8-9.

The Louisiana Supreme Court found that Galan "fail[ed] to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984)." SCR, Vol. 7.

### iii.

The record reflects that trial counsel informed the district court judge of Galan's hearing difficulties, and the district court accommodated Galan by providing him with a set of noise-canceling headphones. During trial, counsel asked at least one witness to speak loudly (SCR, Vol. 2, pg. 209, lines 21-25). Both the trial court and the prosecutor repeatedly asked witnesses to speak into the microphone (SCR, Vol. 2, pp. 162, 164, 197, 200, 203). Galan himself, through an interpreter, asked the prosecutor to speak more loudly (SCR, Vol. 2, pg. 391, lines 23-29).

Given the "doubly deferential" nature of federal habeas corpus review of ineffective assistance of counsel claims, *e.g., Rhoades v. Davis*, 852 F.3d 422, 434 & n. 49 (5th Cir. 2017), there is no basis for concluding that the state courts unreasonably applied clearly established federal law in concluding that the defendant failed to demonstrate ineffective assistance of counsel.

### B.   Spanish-English interpretation (Claim 7).

### *i.*

This claim reads in its entirety as follows:

> 7.   TRIAL COUNSEL FAILED TO ASK FOR A REPLACEMENT TRANSLATOR, EVEN THOUGH COUNSEL SPOKE SPANISH AND COULD NOT UNDERSTAND THE TRANSLATOR AT TRIAL.
>
> As previously stated, the instant Petitioner does not read, write, or speak the English language. There was a Spanish interpreter at trial, but the interpreter's translations were often incorrect or not understandable, especially to a person with hearing problems. Even trial counsel complained about the interpreter, but did not bring the problem to the attention of the court, or otherwise attempt to get a competent interpreter.
>
> Petitioner contends that this is itself an instance of ineffective assistance of counsel. "While this Court must look to the totality of the trial to assess counsel's performance, 'Sometimes a single error is so substantial that it alone causes the attorney's performance to fall below the Sixth Amendment standard.'" *Nero v. Blackburn*, 597 F.2d 991, 994 (5th Cir. 1979).

Rec. Doc. 3-1, pg. 29.

### *ii.*

Prior to trial, Galan through counsel filed a *Motion for Interpreter*, and that motion was granted. SCR, Vol. 1, pp. 87-88 & 100. The interpreter was an individual named Dolores Garcia, and upon meeting her defense counsel stated: "we have no objection to the skills of the interpreter." SCR, Vol. 1, pp. 133-134.

Dolores Garcia was the interpreter for each day of the three-day trial, and the court ordered that a second interpreter be present as well. *See* SCR, Vol. 2, pg. 149, lines 13-17 (first day of trial); *id.*, pg. 265, lines 15-20 (second day of trial); *id.*, pg. 330, lines 17-23 (third day of trial).

Finally, Galan testified at trial, and the record reflects no difficulties in understanding the questions posed to him by either his own attorney or the prosecutor on cross-examination. SCR, Vol. 2, pp. 358-381.

### iii.

The state district court addressed this claim as follows:

> The record contains a stipulation by defense counsel as to the competence of the interpreter, Dolores Garcia. R. Vol. 1, p. 133-134 ("We also have the interpreter and we have no objection to the skills of the interpreter."). The same interpreter was present at all of the hearings of record. She was joined at the trial by two other interpreters, Reyna Croft (April 2, 2018) and Andrea Freitas (April 3 and 5, 2018). Although there is no indication of the qualifications of the additional two interpreters on record, it is clear that Dolores Garcia, whose competence was stipulated to by the defense, was present at all court hearings. If there had been a question about or inaccuracy in a translation, she would have been there to address the issue. Moreover, since defense counsel spoke Spanish, he would have been able to correct an inaccuracy or omission. See R. Vol. 2, p. 183 (the witness stated something in Spanish and trial counsel interpreted).

> The Court finds that Galan does not point to any specific instances in which the Spanish translation was inept during trial or otherwise or that an objection was lodged. The record fails to show that any problems arose during the translations. Instead, Galan had a Spanish speaking counsel, who stipulated on the record to the competence of the main interpreter. *Compare State v. Gonzalez*, 2007-0532, p. 4-5 (La. App. 4 Cir. 11/28/07),973 So.2d 115, 117.

> The Court holds that the petitioner is unable to satisfy the deficient performance prong of the *Strickland* analysis. The Court finds nothing in the record to indicate that counsel's conduct fell below the range of reasonable professional assistance. Strickland, Instead, the Court finds that every effort was made to ensure that Galan understood the court proceedings in his native language. This issue has no merit.

SCR, Vol. 5, Tab 2, pp. 9-10.

### *iv.*

Galan makes conclusory assertions that "the interpreter's translations were often incorrect or not understandable." But, as the state courts noted, the record fails to show that any problems arose during the translations. Surely if the defendant was unable to understand the interpreter, this would be apparent during *Galan's own testimony*.

Given the "doubly deferential" nature of federal habeas corpus review of ineffective assistance of counsel claims and the conclusory nature of this claim, there is no basis for concluding that the state courts unreasonably applied clearly established federal law when they found no merit to this I claim.

<u>CONCLUSION AND PRAYER</u>

For the reasons set forth above, the petitioner fails to demonstrate that he is entitled to habeas corpus relief. The respondent respectfully prays that the Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

<u>/s/ Matthew Caplan      </u>
Matthew Caplan, #31650
Assistant District Attorney,
    22nd Judicial District
701 Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a copy, postage pre-paid, to:

Victor Galan, DOC # 732647
Louisiana State Penitentiary
17544 Tunica Trace
Angola, LA 70712
*Petitioner, pro se*

This the <u>8th</u> day of <u>December</u>, 20<u>22</u>, at Covington, Louisiana.

<u>/s/ Matthew Caplan      </u>
Matthew Caplan, #31650
Assistant District Attorney/